UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODRICK LIPSEY,

          Plaintiff,

    v.

PhaHONG, et al.,

          Defendants.

No.  2:25-cv-0809 SCR P

ORDER

Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  On April 6, 2026, Defendants Plahang[1] and Daniels filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 16. Plaintiff failed to file a timely opposition or otherwise respond to the motion.  See Local Rule 230(*l*) (21 days to file an opposition or statement of non-opposition).

Plaintiff's motion for appointment of counsel is also pending before the Court.  ECF No. 12.  Because Plaintiff may mistakenly be waiting for a ruling on his motion to appoint counsel before responding to Defendants' motion to dismiss, the undersigned will sua sponte grant him another opportunity to oppose.  In addition, for the reasons explained below, Plaintiff's motion to appoint counsel is denied without prejudice to refiling at a later point in the proceedings.

_____

[1]  By this order the undersigned will direct the Clerk of Court to correct the spelling of Defendant Plahang's name on the Docket.

1

**MOTION TO APPOINT COUNSEL**

## I. Legal Standard

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled. See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act). Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

## II. Analysis

In the motion, Plaintiff cites his indigency, lack of legal knowledge, and incarceration as bases for the appointment of counsel. ECF No. 12 at 2. However, these are all circumstances common to most prisoners and do not constitute exceptional circumstances. Moreover, given the early stage of this case, the undersigned is unable to assess Plaintiff's likelihood of success on the

merits and finds Plaintiff's alleged need for assistance with discovery and presenting evidence to be premature concerns.  For these reasons, Plaintiff's motion is denied.  The denial is without prejudice, which means that Plaintiff may refile at a later stage of the proceeding should exceptional circumstances or other bases warranting the appointment of counsel arise.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff shall file an opposition to Defendants motion to dismiss within 21 days of this order.  Plaintiff is advised that a failure to file a response may be deemed a waiver of any opposition to the granting of the motion.  Local Rule 230(*l*).

2.      Plaintiff's motion for appointment of counsel (ECF No. 12) is DENIED without prejudice to refiling at a later point of the proceeding.

3.      The Clerk of the Court is directed to update the Docket to reflect the correct spelling of Defendant Plahang's name.

DATED: May 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE